[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS THAT PART OF ACTION FOR TEMPORARY INJUNCTION
Plaintiff seeks to enforce a covenant not to solicit certain insurance business for two years after January 1, 2000.
The plaintiff has the burden of proof to show that the covenant is reasonable as to duration and area. The court so finds in addition it must prove that it has been or would be irreparably damaged by defendant's action of which plaintiff complains. The court cannot find this. of course, as with any request for a temporary injunction the court must be convinced that plaintiff has no adequate remedy at law. The court is so convinced. The court must also be convinced that upon the final hearing for a permanent injunction plaintiff will probably win. This the court cannot do here. At the conclusion the court must fairly balance the equities between the parties and consider the public interest. The court has done all of that here.
The evidence presented by plaintiff goes to prove that the contract expired January 1, 2000; that defendant left plaintiff's employ in July 2000 and thereafter went to work, successively, for two major insurance companies. Defendant sent a large number of greeting cards, with his business card enclosed, to various people, including some who were then plaintiff's customers. In addition several of plaintiff's customers CT Page 3968 canceled their insurance with the plaintiff and became insured with an employer of defendant.
The language of the covenant states that defendant "will not . . . for a period of two (2) years after termination of the contract for any reason, directly or indirectly, by him/her self or in connection with another solicit any Agency insurance business for or on behalf of any person, firm, corporation or partnership other than the Agency." The Agency is LPL d.b.a. Willoughby Son Personal Lines Insurance Agency.
We have no evidence that defendant solicited any of the agency's insurance business, nor do we have any evidence that he would probably do so in the future. The cards sent and the cancellations received by plaintiff do not allow the court to find solicitation. of the nine cancellations presented to the court all were requested by "insured" and three were signed or initialed by defendant. No insured customer testified.
The plaintiff also seeks to have enforced by injunction any violation of the contract between the parties in regard to use or disclosure of plaintiff's "trade secrets." It points to paragraph 3 of the contract which reads as follows:
3. Ownership of Business:
 A. It is expressly agreed between Producer and Agency that all business negotiated, procured, solicited or renewed by Producer during the term of this contract is the sole property of the Agency and that Producer will have no interest in such materials, including but not limited to, the names of customers, renewal or expiration dates of policies, amounts of coverage for particular customers, and phone numbers of customers.
 B. It is hereby expressly agreed between Agency and Producer that the production of Agency's insurance business depends in large part upon the solicitation of business and renewal of existing business; that as between Agency and Producer, information concerning a particular client or prospective client which as been contacted by Agency or Producer, including but not limited to, the names of customers, the policy renewal and expiration dates, and amount of coverage for particular customers of Agency are considered to be trade secrets and it is expressly recognized by both CT Page 3969 parties that the cultivation of such information represents a significant investment of time, energy and money by Agency.
The court cannot find on the facts before it that the customer list was a trade secret.
As to the application to dismiss the temporary injunction. the motion is granted.
Norris L. O'Neill J.